UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENJAMIN JENKINS,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:20-1886 |
| v. | : | (JUDGE MANNION) |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,**[1] | : : | |
| Defendant | : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson which recommends that the decision of the Commissioner denying the plaintiff's claim for supplemental security income ("SSI") be affirmed. (Doc. 22). The plaintiff has filed objections to the report. (Doc. 23). Upon review of the record, the plaintiff's objections will be overruled and the report and recommendation will be adopted in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

---

[1] Kilolo Kijakazi became the Commissioner of Social Security effective July 9, 2021, to succeed Andrew Saul. Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. §405(g), Kilolo Kijakazi is automatically substituted as the defendant in this action.

the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff originally filed for SSI under Title II of the Social Security Act ("SSA") on August 21, 2018, alleging an onset of disability on the same date. (Doc. 1 at ¶6). The plaintiff's original

application was initially denied. *Id*. at ¶¶6-9. Subsequently, a hearing was held before an administrative law judge ("ALJ"), who determined that the plaintiff had not been disabled at any time since his alleged onset date. *Id*. at ¶8. The plaintiff's request for review was denied. *Id*. at ¶9. On March 30, 2021, the plaintiff filed the instant appeal which was assigned to the undersigned and referred to Judge Carlson. *Id*.

In his appeal, the plaintiff argues that the ALJ erred in (1) failing to properly weigh the medical opinion of plaintiff's treating physician, Dr. Marivi Maurico-Tan ("Dr. Maurico-Tan") and (2) failing to properly evaluate plaintiff's mental impairments in devising a residual function capacity ("RFC").

In a thorough opinion, Judge Carlson considered each of the plaintiff's arguments, but ultimately determined:

> ... the ALJ's assessment of the evidence in this case complied with the dictates of the law and was supported by substantial evidence. This is all that the law requires, and all that a claimant can demand in a disability proceeding. Thus, notwithstanding the argument that this evidence might have been viewed in a way which would have also supported a different finding, we are obliged to affirm this ruling once we find that it is "supported by substantial evidence, 'even [where] this court acting *de novo* might have reached a different conclusion'" *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986) (*quoting Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986)). Accordingly, under the deferential standard of review that applies to appeals of Social Security disability determinations, we find that substantial evidence supported the ALJ's evaluation of this case.

(Doc. 22 at 30-31). The same arguments which the plaintiff raises in support of his appeal are now raised as the bases for his timely objections to Judge Carlson's report and recommendation. The totality of the plaintiff's objections spans a mere two pages with one short paragraph to address each of his two objections. As to the first objection, the plaintiff argues that the ALJ failed to adequately consider Dr. Mauricio-Tan's finding that the plaintiff had marked limitations in mental abilities to perform unskilled work. Specifically, plaintiff argues that the ALJ failed to properly consider that plaintiff's prior diagnoses, including depression and bipolar disorder, supported Dr. Maurico-Tan's limitations assessment. However, the court has reviewed the report of Judge Carlson and finds that it adequately addresses why the ALJ's decision to give lesser weight to Dr. Mauricio-Tan's limitations assessment was supported by substantial record evidence. The court finds no reason to belabor the matter and adopts the report of Judge Carlson in its entirety in this respect.

In his second objection, the plaintiff argues that the ALJ failed to address how the plaintiff's emotional and mental impairments would affect his ability to meet the occupational demands of unskilled jobs. Having reviewed Judge Carlson's report, the court finds that it adequately considered the plaintiff's emotional and mental impairments. In his report,

Judge Carlson pointed out that a state agency expert opinion which was deemed persuasive as well as plaintiff's treatment history indicated that plaintiff could perform simple tasks notwithstanding his impairments. (Doc. 22 at 28). Further, plaintiff and his mother both reported that, despite his impairments, plaintiff was able to perform household tasks, including yard maintenance, laundry, grocery shopping and paying his own bills. *Id*. at 2-3. As such, the court agrees with Judge Carlson's reasoning and finds that the ALJ's simple tasks RFC assessment properly considered plaintiff's emotional and mental impairments based on substantial evidence. Thus, plaintiff's objection will be overruled on this basis.

In light of the above, the court will overrule the objections of the plaintiff and adopt the report and recommendation of Judge Carlson in its entirety. An appropriate order shall issue.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 4, 2022**
20-1886-01